## STATE v. HUTCHINGS.

1. A party cannot be convicted on one indictment of more than one offence; where the evidence discloses two assaults at different times upon independent quarrels, the solicitor should be required to elect the assault on which he rests.

2. A second assault upon the prosecutor by one of the defendants on a new quarrel afforded no evidence of his complicity with the other defendants in a first assault committed some time before, in which he took no part.

3. The assault and battery having been committed upon the prosecutor while he was advancing upon the defendant, the defendant was entitled to have the jury charged upon the law of self-defence.

4. The request to charge in this case should have been considered by the Circuit Judge, it having been made before the jury retired, although not before the arguments or charge.

Before ALDRICH, J., Greenville, November, 1884.

This was a prosecution of Benjamin F. Hutchings, John Q. Roark, and William W. Baswell, for assault and battery with intent to kill, and of a high and aggravated nature. The opinion states the case.

*Mr. W. L. Wait,* for appellant.

*Mr. Solicitor Orr,* contra.

February 13, 1886. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This opinion cannot be made intelligible without a short outline of the facts. It was an indictment for assault and battery upon the person of J. Washington Goodgion, and contained two counts; one with "intent to kill and murder," and the other charging an assault and battery of "a high and aggravated character."

The Forks Shoals Factory belongs to John H. Latimer, trustee, James H. Latimer, and Mrs. Fannie A. Goodgion, in common; the two Latimers owning one-half, and Mrs. Goodgion (wife of the prosecutor) the remainder. It seems that the parties

could not work together agreeably, and some arrangement was made by which the different parties were to have possession and operate the factory one after the other, according to their respective shares. James H. Latimer was running it at the time the alleged assault and battery was committed, and he had given orders to the superintendent, B. F. Hutchings, not to allow the prosecutor, J. W. Goodgion, to come into the mill.

On the day of the difficulty Goodgion entered the mill, and Roark, an employee, who had received orders not to admit him, requested him to leave the mill, and, upon his refusal, took hold of him and carried him out into the public road. In the meantime a lad, Smith, seeing the scuffle ran down and informed Hutchings and Baswell that Roark and Goodgion were fighting in the cloth room, and they, with the other employees, rushed to see what was going on. As soon as Goodgion (now in the road) saw Hutchings, he shook his stick at him and dared him out. Hutchings declined to go, but said to him that he must not come back into the house. Upon that Goodgion said he would return, and when he was in the act of opening the gate, Hutchings struck him over the head a severe blow with a stick, which knocked him down. At that time Baswell neither said nor did anything, but simply looked on. Afterwards the wife of Goodgion came, and they together went in and through the mill, staying some time. The witnesses differ as to the time, but some of them say over two hours. While they were in the mill some words about a different and independent matter took place between Goodgion and Baswell, in which Goodgion gave the lie to Baswell, and the latter shook his fist in his face, &c.

The defendants requested the judge to charge, "that unless the jury find that there was collusion between the defendants to commit an assault upon the prosecutor, they cannot be held jointly responsible for the separate assaults alleged to have been committed by the defendants individually at different times, and the solicitor must elect for which assault he will try them." The judge refused to charge as requested. At the close of the charge one of the defendants' counsel requested his honor "to charge the jury that they could consider whether Hutchings acted in self defence, and if the jury believed that he struck Goodgion in

defence of himself, then they should find him not guilty." This request was also refused, the judge saying he thought he .had charged the jury enough.

The jury found John Q. Roark not guilty, and Hutchings and Baswell guilty on the second count, and the appeal comes to this court upon the following grounds :

I. Because his honor erred in· failing and refusing to charge the jury that unless they found collusion between the defendants to commit an assault upon the prosecutor, the defendants could not be held jointly responsible for the separate assaults alleged to have been committed by the defendants individually at different times, and the solicitor must elect for which assault he will try them.

II. Because his honor erred in failing and refusing to compel the solicitor to elect for which assault the defendants should be tried, and allowing the case to go to the jury upon three separate assaults that had been sworn to.

III. Because his honor erred in failing and refusing to charge the jury that they could consider the plea of self-defence made by the defendant, Hutchings, and if they believed that he struck the prosecutor in self-defence, then they should find him not guilty.

IV. Because his honor erred in refusing to grant a new trial.

It is not at all clear as to what was the ground upon which Baswell was convicted of an assault and battery committed by Hutchings. Three defendants were charged with the same offence. The evidence disclosed two offences, one by Hutchings at the gate, and the other by Baswell in the mill. The jury acquitted Roark, one of the three defendants, but convicted both Hutchings and Baswell of the assault at the gate. As the jury seemed to negative the charge of collusion by acquitting Roark, who actually carried the prosecutor out of the house, it is not perceived upon what ground Baswell was convicted, unless it was on account of the separate assault made by him in the mill.

An indictment may contain two or more counts, but as we understand it a party cannot be convicted on the same indictment of more offences than one. Hence, when the evidence discloses two separate offences, on the same day, they should not be com-

bined in such way as to secure one conviction; but in that case the practice is to require the prosecuting officer to elect upon which he rests the case of the State.    Now, if the purpose was to charge Baswell upon the subsequent assault in the mill as a distinct and substantive offence, it was error in the judge to refuse to require the solicitor to elect on which assault he rested. *State* v. *Sims*, 3 *Strob.*, 138; *State* v. *Nelson*, 14 *Rich.*, 172.

But if, as contended, the subsequent assault of Baswell was not charged as a distinct offence, then proof of it could only have been offered as evidence bearing upon the first assault; and it seems to us that there was no such necessary connection between the two assaults as that the commission of the latter by Baswell afforded evidence of his complicity in the former.    That of Baswell was some time after that of Hutchings, and, as we understand, upon a new and independent cause of quarrel, the old struggle to keep the prosecutor out of the house having terminated.    Baswell was a mere employee.    It did not appear that he ever knew that orders had been given to keep the prosecutor out of the mill.    When the lad, Smith, gave the information that Roark and Goodgion were fighting in the cloth room, he, with the other employees, ran to see what was going on.    He does not seem either by word or deed to have taken any part in the assault and battery, of which he has been convicted.    If, as alleged, he committed an assault on the prosecutor in the mill, he is answerable for that; but we are unable to see in that alone such evidence of collusion with Hutchings as to make him responsible for the much more serious offence committed by another at the gate.

Besides, as the only blow given was inflicted on the prosecutor while he was advancing with a stick, it seems to us that Hutchings, who inflicted the blow, was entitled to have the jury charged upon the law of self-defence.    It is true that the request so to charge was not made in writing before the argument; but it was made before the jury retired, and we think was substantially within rule XI. of the Circuit Court as amended, which reads as follows : "Before the argument commences the counsel on each side shall submit to the judge in writing such propositions of law as they propose to rely on, which shall constitute the requests to

charge; provided, however, that nothing herein contained shall prevent either counsel at the close of the argument from submitting such additional requests as may be suggested by the course of the argument." It is always desirable, and especially in the administration of the criminal law, that the whole case should be considered.

The judgment of this court is that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.